IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00068-CR

 

Ollie Brown,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 77th District Court

Limestone County, Texas

Trial Court No. 11094-A

 



MEMORANDUM  Opinion










 

            Ollie James Brown was convicted of assault
on a public servant.  See Tex.
Penal Code Ann. § 22.01(b)(3) (Vernon Supp. 2007).  He pled true to two
enhancement paragraphs and was sentenced to 33 years in prison.  We affirm.

            Brown was charged with assaulting
Joann Brackens, a detention center officer, while Brown was jailed in the Limestone County Detention Center.  Limestone County contracted with Civigenics Texas
Incorporated to operate the Limestone County Detention Center.  In two issues,
Brown contends the evidence is legally and factually insufficient to support
his conviction because he did not have actual knowledge of the contract between
 Limestone County and Civigenics.  

            In reviewing the legal sufficiency of
the evidence, this Court looks at all of the evidence in the light most favorable
to the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Jackson v.
 Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979).  A
legal sufficiency of the evidence review does not involve any weighing of
favorable and non-favorable evidence.  Margraves v. State, 34 S.W.3d
912, 917 (Tex. Crim. App. 2000).  Courts reviewing all the evidence in a light
favorable to the verdict must assume jurors made all inferences in favor of
their verdict if reasonable minds could, and disregard all other inferences in
their legal sufficiency review.  Evans v. State, 202 S.W.3d 158, 165
n.27 (Tex. Crim. App. 2006).  When faced with conflicting evidence, the
reviewing court presumes the trier of fact resolved any such conflict in favor
of the prosecution.  Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999.

            In a factual sufficiency review, the
evidence is reviewed in a neutral light . . . ." Roberts v. State,
220 S.W.3d 521, 524 (Tex. Crim. App. 2007); accord Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000).  "There is only one question to be
answered in a factual sufficiency review: Considering all of the evidence in a
neutral light, was a jury rationally justified in finding guilt beyond a
reasonable doubt?"  Watson v. State, 204 S.W.3d 404, 415 (Tex.
Crim. App. 2006) (quoting Zuniga v. State, 144 S.W.3d 477, 484 (Tex.
Crim. App. 2004), overruled on other grounds, Watson at 405). 
"Evidence is factually insufficient when . . . the evidence is 'so weak'
that the verdict 'seems clearly wrong or manifestly unjust,' or the verdict is
'against the great weight and preponderance of the evidence.'"  Castillo
v. State, 221 S.W.3d 689, 693 (Tex. Crim. App. 2007) (quoting Watson
at 414-15, 417). 

            Civigenics contracts with Limestone County to operate the detention center, and Brackens is an employee of
Civigenics.  The contract between Limestone County and Civigenics was
introduced into evidence.  The guards at the detention center wear a
distinctive uniform to distinguish themselves from inmates.  Further, the
guards were authorized to “guard” the inmates in all parts of the detention
center, including the area where Brown was housed when he injured Brackens. 
The guards had the same license that a jailer at the county jail would have. 

            Brackens testified she was wearing a
uniform, similar[1] to the
one she wore in court, on the day that Brown assaulted her.  She also testified
that this was not the first time she had met or dealt with Brown in her
capacity as a guard.  Brackens considered herself working for both the Limestone County Detention Center and Civigenics.  The warden testified that after the
assault he received a letter from Brown complaining that the guards were not
well trained and that the incident was a result of Brown trying to train
Brackens.

            Brown contends that the State did not
prove he had actual knowledge of the existence of the contract between Limestone County and Civigenics.  However, the statute provides that the offense is a third
degree felony if the offense is committed against a person who contracts with a
government facility and the person is engaged in performing a service “if
the actor knows the person … is authorized by government to provide the
service….”  Tex. Penal Code Ann.
§ 22.01(b)(3)(A) (Vernon Supp. 2007) (emphasis added).  This language does not
necessarily mean that the actor must have actual knowledge of the existence of
the contract.  Juries are permitted to make reasonable inferences from the
evidence presented at trial and circumstantial evidence is as probative as
direct evidence in establishing the guilt of an actor.  Hooper v. State,
214 S.W.3d 9, 14-15 (Tex. Crim. App. 2007).  From the circumstantial evidence,
the jury could infer that Brown knew Brackens was authorized by the government,
that being Limestone County, to provide the services in which she was engaged
at the time of the assault.

            Accordingly, viewing the record under
the appropriate standards, we find the evidence both legally and factually
sufficient to support the conviction.  Brown’s first and second issues are
overruled.

            The trial court’s judgment is
affirmed.

 

                                                                                    TOM
GRAY

                                                                                    Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Affirmed

Opinion
delivered and filed January 30, 2008

Do
not publish 

[CRPM]









[1]
Brackens testified that she has two different pairs of uniform pants and could
not recall which pair she had on during the assault.